# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ETHAN GRIM,

                Petitioner,       :            Case No. 2:25-cv-00258

     - vs -                         District Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
   Institution,

                               :

               Respondent.

# DECISION AND ORDER

        This habeas corpus case, brought *pro se* by Petitioner Ethan Grim pursuant to 28 U.S.C. §

2254, is before the Court on "Petitioner's Motion To Expand The Record & Petitioner's Motion

For An Order Directing Respondent, Pursuant To Rule 5, Rules Governing Section 2254 Cases In

The United States District Courts, To Supplement The Habeas Record With Report's And State

Court Records Of Proceedings from The State Court Record" (ECF No. 12; hereinafter "Motion

to Expand), and "Petitioner's  Motion Leave To Make Supplemental Amendment To Petition For

Habeas Corpus Case #2:24-CV-04306"[1] (ECF No. 14; "Motion to Amend").

        Respondent opposes the Motion to Expand (ECF No. 16) and Petitioner has filed a Reply

in support which includes a request to conduct discovery (ECF No. 18) which Respondent opposes

---

[1] Having reviewed this document and the case docket in Case No. 2:24-cv-4306, the Magistrate Judge finds no connection between the two cases and will therefore treat the use of the 4306 case number in this document as surplusage.

(ECF No. 22) and as to which Petitioner has filed a reply in support (ECF No. 24). Respondent also opposes the Motion to Amend (ECF No. 21) and Petitioner has filed a reply in support (ECF No. 23).

The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 25). Prior to the transfer, Magistrate Judge Gentry stayed all further briefing in the case pending resolution of the above-listed matters (ECF No. 20).

## Motion to Amend

### The Parties' Arguments

Petitioner seeks to amend his Petition to add the following ground for relief:

> Appellant's convictions were not supported by sufficient/ manifest weight of the evidence in violation of his right to due process and a fair trial under the Fourteenth Amendment of the U.S. Constitution.

(ECF No. 14, PageID 1728).

Respondent opposes the amendment because (1) manifest weight is not a cognizable claim in habeas corpus; (2) Petitioner's lack of sufficient evidence claim is procedurally defaulted because he raised only a manifest weight claim on direct appeal; (3) the sufficiency claim is procedurally defaulted because Petitioner did not timely appeal to the Ohio Supreme Court; and (4) Petitioner's amendment would result in prejudicial piecemealing of this habeas litigation.

Petitioner replies with excuses for the procedural default and notes that Respondent has not shown any actual prejudice.

**Analysis**

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019); *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Research, Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Allowing an amendment to include a manifest weight claim would be futile because it would not state a claim upon which relief could be granted under the United States Constitution.

A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).  On the other hand, a claim of insufficiency of the evidence is cognizable in habeas. *Jackson v. Virginia*, 443 U.S. 307 (1979).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
>                     . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).   A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule:  an appeal from a district court of appeals to the

Supreme Court of Ohio must be taken within forty-five days of the appellate decision.  The Third District Court of Appeals rendered its decision on December 11, 2023 (Opinion, State Court Record, ECF No. 10, Ex. 47).  Forty-five days later was January 26, 2024.  Petitioner did not request leave to file a delayed appeal until December 20, 2024, almost eleven months later. *Id.* at Ex. 49.  He blamed his tardiness in part on his appellate attorney who, he says, did not advise him of the adverse appellate decision until approximately one week **before** the deadline to file (Motion for Delayed Appeal, State Court Record, ECF No. 10, Ex. 49, PageID 372).  A notice of appeal is a simple one-paragraph document which Petitioner could have prepared and filed after he received notice of the appellate decision.  It is likely that the Ohio Supreme Court would have given him additional time to file the required memorandum in support of jurisdiction, but he did not ask.

In any event, the Ohio Supreme Court enforced its procedural rule by denying Petitioner leave to file a delayed appeal. *Id.* at Ex. 50.  The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1)(a)(i) is an adequate and independent state ground of decision.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Because of this procedural default, the Motion to Amend is DENIED.


**Motion to Expand the Record**


Petitioner moves to expand the record to include the following:

> 1. State Exhibit 1 and 2- The Independent Bindover Mental Health Evaluation conducted by Dr. Carla S. Dreyer. (Doc#l0, Page 10#77-79);
> 2. Information Reviewed by Dr. Dreyer, which includes:
> a. Evaluation of petitioner
> b. Court entries;
> c. Police reports;
> d. School records;

     e. Prior juvenile court records;
     f. Information provided by petitioner's mother;
     g. Information provided by the State
     (Doc#l0, Page ID#145)
     3. Jury Verdict Forms;
     4. ORAS Risk Assessment (Doc#l0, Page ID#213)
     5. State's Exhibits 1 through 84 (Doc#l0, Page ID259)

Respondent opposes the Motion to Expand in its entirety because the Warden asserts all of Petitioner's claims are procedurally defaulted.  Petitioner replies that he needs this expansion to overcome the procedural default.  However, he never explains how all of these materials are relevant to the procedural default.  In arguing to the Supreme Court of Ohio that he should be allowed to file a delayed appeal, did not advert to any of the materials he now claims show cause for his procedural default.

Second, while the Sixth Circuit has expressed a preference that district courts review the entire trial transcript, it has not generally required that trial court exhibits be part of the State Court Record for habeas purposes. *A fortiori* that includes documents reviewed by an expert witness that were never made part of the state court proceedings.  If there is a particular exhibit as to which Petitioner believes it does not support the use given to it by the trial court, he should direct this Court's attention to the place in the transcript where reference is made to that exhibit.  In general, because it is highly unusual to have state court exhibits transmitted as part of the record, district courts are generally not provided with sufficient secure space to maintain those exhibits.

Third, while the actual signed verdicts are not part of the State Court Record as transmitted, the trial court copied the text of the verdicts into the Judgment Entry (See State Court Record, ECF No. 10, Ex. 40).  Petitioner has not suggested any reason why the verdict forms, as compared with their text, would be relevant.

Fourth, Respondent asserts that no "ORAS Risk Assessment" was conducted.  In his reply

in support, Petitioner argues that such an assessment was supposed to be prepared under Ohio law. The record reference Petitioner gives for this document is PageID 213 which is a page of the Judgment Entry which recites what the trial judge will consider "[i]f the Defendant files a motion to rebut the presumption of registration as a violent offender."  Respondent asserts Petitioner never filed such a motion and it did not appear that such a report had ever been prepared (ECF No. 16, PageID 1736).  Petitioner offers no rebuttal.

Petitioner's Motion to Expand the Record is accordingly denied.


**Motion for Discovery**


Embedded in his Reply to Respondent's Opposition to the Motion to Expand the Record is Petitioner's Motion for Discovery.  He writes:  "The Respondent uses the standing argument that outside of Dr. Dreyer's summary report, the items requested are not part of the state court record. In this case, petitioner moves to conduct additional discovery."  (ECF No. 18, PageID 1747). As Petitioner acknowledges, discovery is discretionary in habeas cases.  It would be a gross abuse of discretion to authorize discovery without indicating the method to be used (depositions? Interrogatories? Production of documents?) and the information to be sought.

Petitioner's Motion for Discovery is denied.


**Date for Reply**


Having resolved the issues on which Judge Gentry's Stay (ECF No. 20) depended, the Stay is DISSOLVED.  Petitioner shall file his Reply/Traverse not later than January 5, 2026.

IT IS SO ORDERED.


December 1, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge