# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION AT COLUMBUS

ETHAN GRIM,

Petitioner, : Case No. 2:25-cv-00258

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Ethan Grim, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 35) which seeks reconsideration of the Court's Decision and Order of January 6, 2026 (ECF No. 33) which overruled Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Decision and Order of December 1, 2025 (ECF No. 27) which in turn had denied several pre-trial Motions of the Petitioner.

Despite having prepared and filed this seven-page Motion for Reconsideration, Petitioner has not yet filed a reply to the Return of Writ; the reply was due to be filed not later than January 5, 2026 (See ECF No. 34).

Petitioner purports to bring his Motion for Reconsideration under Fed.R.Civ.P. 59(e). That rule governs post-judgment motions for reconsideration and no judgment has been filed in this case as yet. Nevertheless, a federal district court has plenary authority to reconsider interlocutory

orders until judgment is entered. Moore's Federal Practice at ¶0.404. However, courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). Indeed, another judge of this Court has held the law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. *Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012)(Barrett, J.)(citing *United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1994)).

In seeking reconsideration, Petitioner does not claim any intervening authority or newly discovered evidence. That would be improbable since the decision in question was only entered ten days ago.

Instead to obtain a change in the prior Decision, Petitioner must show a "manifest error of law." Petitioner cites the standard for a District Judge's review of a Magistrate Judge's decision, but that review has already happened here: the Decision sought to be changed was already made on review of the Magistrate Judge's decision denying a number of Petitioner's Motions.

**Petitioner Was Not a Juvenile Throughout the State Court Process**

Petitioner claimed that that he was a juvenile throughout the state court process. The Court disagreed, finding that the murder in suit happened November 27, 2019, and Petitioner turned eighteen on December 15, 2019. Those dates are undisputed. On that basis the Magistrate Judge and the Court found he was not a juvenile throughout the state court process.

Grim begins his argument on this point by reminding us that this Court must follow Ohio law on this question. However, he cites no decision of one of the Ohio courts adjudicating this case to the effect that he remained a juvenile throughout the state court process. Instead he cites Ohio Revised Code § 2152.02(C)(1), but that statute provides that "child" means a person who is "under eighteen years of age except as provided in divisions (C)(2) to (8) of this section." He cites Ohio Revised Code § 2952.021, but makes no argument as to how that statute applies to him. He cites *State v. Hanning*, 89 Ohio St.3d 86 (2000), but that case interprets the mandatory juvenile bindover statute, which was not relied on by the State here.

Petitioner also cites Ohio Revised Code § 2923.111 which he says requires a "qualifying adult" eligible to carry a firearm without a permit under Ohio's carry concealed law must be twenty-one years of age. The fact that the General Assembly set a higher age for this particular privilege is not shown to apply to this case in any way. Finally the provision that the juvenile court will continue to exercise jurisdiction over a person adjudicated a delinquent child until that person is twenty-one has not application in this case where Petitioner was not adjudicated a delinquent, but was bound over to adult court.

Petitioner has not shown any manifest error of law in this Court's finding that he did not remain a juvenile throughout the state court process.

**Petitioner's Claim of Actual Innocence is Unpersuasive**

Petitioner asserts the Court failed to consider his actual innocence claim as it applies to asserted procedural defaults and failure to file the Petition within the one-year statute of limitations. To the contrary, the Court did consider that claim and found it to be unpersuasive.

Petitioner asserts his competency evaluation shows he was incompetent to stand trial, but so far as the undersigned can find, no competency evaluation was conducted after the bindover[1]. Petitioner also asserts he was not guilty by reason of insanity, but that claim was also not raised in the state courts. Assuming that evidence that Petitioner was insane at the time of the crime would satisfy the actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995), Petitioner has presented no such evidence, but merely speculates it is in his juvenile records, which are not available to him.

**Conclusion**

Having reconsidered the prior decision on Petitioner's Motion for Reconsideration, the Magistrate Judge recommends that no change be made in the prior Decision.

January 20, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

[1] At one point Petitioner's counsel sought a second forensic evaluation which was denied.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.