## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

ETHAN GRIM,

                Petitioner,       :           Case No. 2:25-cv-00258

     - vs -                        District Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Michael R. Merz

WARDEN, Belmont
   Correctional Institution,

                         :
            Respondent.

---

## DECISION AND ORDER

        This is a habeas corpus action brought *pro se* by Petitioner Ethan Grim to obtain relief from his conviction in the Logan County Court of Common Pleas (Petition, ECF No. 1).  Magistrate Judge Caroline Gentry, to whom the case was referred on filing, ordered Respondent to answer the Petition and provided Petitioner could file a reply/traverse twenty-one days after the answer/return of writ was filed (Order, ECF No. 6, PageID 48).  Petitioner made no objection to that schedule.

        The Return of Writ was filed August 18, 2025 (ECF No. 11), which made Petitioner's reply due September 11, 2025.[1]  On September 3, 2025, Petitioner requested a sixty-day extension of time to file his reply, citing "institutional procedures" which made it difficult to file (ECF No. 13).

---

[1] Twenty-one days plus the three days allowed after service by mail.  Fed.R.Civ.P. 6.

Judge Gentry granted that motion, making the reply due October 18, 2025 (ECF No. 15).

On September 18, 2025, Petitioner requested a stay or extension of time to file until his Motion to Expand the Record had been decided (ECF No. 17). Judge Gentry granted the stay "until the Motion to Expand/Supplement the Record (Doc. No. 12), Motion to Supplement the Corrected Petition (Doc. No. 14), and Motion to Conduct Discovery (Doc. No. 18) are all resolved." (Order, ECF No. 20, PageID 1757).

In November, 2025, the Magistrate Judge reference in this case was transferred to the undersigned "to help balance the Magistrate Judge workload in the District." (ECF No. 25). The undersigned then proceeded promptly to decide the motions which were the basis of the stay, filing a Decision and Order December 1, 2025 (ECF No. 27). At the conclusion of that Decision and Order, the Court re-set the reply date to January 5, 2026. *Id.* at PageID 1785.

In his Response to the Order to Show Cause, Petitioner refers to the December 1 filing as a "report and recommendations." It is not and it may be useful to explain the distinction at this point. Under the Magistrates' Act, 28 U.S.C. § 636, et seq., District Judges may refer to Magistrate Judges virtually any matter that can come before a District Court in a civil case. Under § 636(b)(1)(A), the referral can authorize the Magistrate Judge "to hear and **determine**" any pretrial matter with certain enumerated exceptions. Then under § 636(b)(1)(B) the referral can include those matters excluded under (b)(1)(A) as well as "applications for posttrial relief made by individuals convicted of criminal offenses . . ." For the latter type of referral, the statute commands the Magistrate Judge to "file his [or her] proposed findings and recommendations" and have them served on the parties. These documents are customarily labeled "reports and recommendations."

Fed.R.Civ.P. 72 allows any party to file objections to either kind of Magistrate Judge filing within fourteen days. However, the critical difference between the two kinds of Magistrate Judge

filings is that Magistrate Judge decisions on so-called non-dispositive matters are effective when filed whereas reports and recommendations on dispositive matters are only effective when adopted by the District Judge.  To put it another way, objections to a report and recommendation prevent it from becoming effective until a District Judge adopts it but objections to a decision of a Magistrate Judge do not stay its effectiveness.  S. D. Ohio Civ. R.  72.3 makes this distinction explicit.  It provides:

> **Effect of Magistrate Judge Ruling Pending Appeal to a District Judge**
>
> When an objection is filed to a Magistrate Judge's ruling on a non-case dispositive motion, the ruling remains in full force and effect unless and until it is (1) stayed by the Magistrate Judge or a District Judge, or (2) overruled by a District Judge.

The Decision and Order of December 1, 2025, denying expansion of the record, discovery, and further amendment of the Petition became effective on the date of filing.  Neither District Judge Sargus nor the undersigned has ever stayed its effectiveness or indeed been asked to do so.

In his Response to the Order to Show Cause, Petitioner says he was waiting on Judge Sargus to set a new date for the reply.  Judge Sargus has not expressed any intention to do so and it would indeed be out of the ordinary for that to happen since scheduling events in referred cases is the responsibility of the assigned Magistrate Judge.

Petitioner has not shown good cause for his failure to file a reply by January 5, 2026.  Rather than proceed to make a recommendation on the merits, however, the Magistrate Judge *sua sponte* extends Petitioner's time to file a reply to and including February 5, 2026.  No further extensions will be granted.  The Court has already determined not to allow discovery, expansion of the record, or further amendment of the Petition and the pendency of Petitioner's Motion  for Reconsideration does not affect this new due date.

IT IS SO ORDERED.


January 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge