# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ETHAN GRIM,

                Petitioner,        :        Case No. 2:25-cv-258

     - vs -                        District Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
   Belmont Correctional Institution,

                                          :
               Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Ethan Grim, is before the Court on Petitioner's Objections (ECF No. 44) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 41). Respondent has filed no response to the Objections, so they are ripe for consideration.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner. Based on that review, the Court makes the following findings of fact and reaches the following conclusions of law.

Petitioner was about one month shy of his eighteenth birthday when he participated in a home invasion with three other persons. After jurisdiction was transferred from the Juvenile Division to the General Division of the Logan County Common Pleas Court on July 13, 2021, Grim was indicted for Complicity to Aggravated Burglary in violation of Ohio Revised Code §

1

2911.11(A)(1) and Ohio Revised Code § 2923.03 (Count 1), Complicity to Aggravated Robbery in violation of Ohio Revised Code § 2911.01(A)(3) and Ohio Revised Code § 2923.03 (Count 2), Complicity to Kidnapping in violation of Ohio Revised Code § 2905.01(A)(2) and Ohio Revised Code § 2923.02 (Count 3), two counts of Complicity to Felonious Assault in violation of Ohio Revised Code § 2903.11(A)(2) and Ohio Revised Code § 2923.03 (Counts 4 and 5), and two counts of Complicity to Murder in violation of Ohio Revised Code § 2903.02(B) and Ohio Revised Code § 2923.03 (Counts 6 and 7). All seven counts in the indictment contained three-year firearm specifications pursuant to Ohio Revised Code § 2941.145(A)(Indictment, State Court Record ECF No. 10, Ex. 28). A jury convicted Grim on all counts and specifications and he was sentenced to fifty years to life in prison, the sentence from which he now seeks relief.

Grim filed his Petition in this Court on March 17, 2025, pleading the following grounds for relief:

> **Ground One** Appellant's rights to due process under the federal constitution were violated when the juvenile court denied appellant the appellant the ability to confront and cross-examine his accuser, In violation of the Sixth and Fourteenth Amendment of the U.S. Constitution.
>
> **Supporting Facts**: In this case the juvenile court held a joint probable cause hearing for all three juvenile codefendant Ethan Grim (petitioner), Elijah Barrett, Josia Bush. Grim filed a motion opposing the joint hearing, [No. 19-JD-119 1/30/20 motion] based on violations to the Confrontation Clause, for admitting a codefendant's testimonial confession incriminating the defendant. The motion was denied. The petitioner renewed continuing objections in regards to the statements of the codefendants and the juvenile court granted the continuing motion. [No. 19-JD-l19 7/15/20 motion] (Tr. 227, 230, 244, 252, 254, 319, 321)
>
> 1. Throughout the hearing Detective Slayer repeatedly and pervasively testified about statements from codefendants, including the adult codefendants Austin Allen, and Barrett implicating the

2

petitioner. (Tr. 227-228, 230) The prosecution played recordings of various statements given by Bush, Barrett, and Allen. (Tr. 244, 252, 254-255, 257) None of these codefendants testified. The hearsay evidence was the main evidence implicating the petitioner. Counsel should have had the opportunity to cross examine the witnesses who were available to testify instead of relying on hearsay evidence. The state appellate courts erroneously declined to apply the confrontation clause and the hearsay rules misconstruing the juvenile probable hearings by comparing those hearings to preliminary hearings, Grand jury proceedings in criminal courts. The state courts failed to identify any U. S, Supreme court decision that held confrontation rights do not apply in the juvenile bindover hearing. The State court(s) failed to recognize the procedural safeguards in the juvenile context are protected through the due process clause of the fourteenth amendment. The court essentially held that confrontation clause and the fairness that accompanies due process does not apply at the probable cause hearing for juveniles in regards to the Sixth Amendment Confrontation Clause Therefore the court has essentially found only part of the Sixth Amendment applies at the juvenile hearing.

2. The petitioner contends that a juvenile facing bindover to adult court with the attendant criminal penalties should at least have equivalent due process protections. The United States supreme court has recognized that the preliminary hearings are a critical stage in the trial proceeding, in which the Sixth and the Fourteenth amendments apply, and the opportunity for cross-examination afforded at a preliminary examination may satisfy the Confrontation Clause in at least some circumstances. Therefore, the confrontation clause can be applied at the preliminary stage and therefore applies in the juvenile preliminary hearings as well.

The Petitioner contends the state courts analogizing a juvenile bindover hearing to a preliminary hearing in a criminal case ignores that juvenile defendants have a liberty interest at bindover hearings that are far greater than an adult offender facing a preliminary hearing. An adult offender is merely facing a screening stage; The offender is already subject to the punitive adult criminal justice system and the prospect of a lengthy prison term merely by being charged. As compared to a juvenile at a bindover hearing who at risk of losing the benefits of the juvenile system with the focus on rehabilitation and limited confinement options. The Supreme Court of the United States has held that the bindover hearing is a 'critically important proceeding' and that the hearing 'must measure up to the essentials of due process and fair treatment.

3

The state courts ignored that the United States Supreme Court confirmed that a juvenile court must recognize a juvenile's due process rights and that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone. The Petitioner contends that "numerous constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings."

**Ground Two:** The trial court abused its discretion in admitting hearsay evidence from a non-testifying Co-defendant in violation of his Sixth and Fourteenth amendment of the U.S. Constitution.

**Supporting Facts:** The Sixth Amendment of the U.S. Constitutions restricts the use of hearsay evidence used against criminal defendants. The state courts allowed for a jail nurse to testify that the petitioner's non-testifying codefendants shaved the residue off his arms. The Petitioner objected to state substituting the nontestifying codefendants with that of the Jail nurse. The court overmled the hearsay objection on the grounds that it was made for a medical diagnosis. (Tr. 452-453).

The nurse has no personal knowledge as to why the petitioner shaved his arms. The nurse testimony allows for the jury to assume that Grim shaved his arms to remove residue. Regardless of if the evidence may not be used as truth of the matter, it was used in guised to imply gunshot residue was also removed my Grim because he shaved his arms. The nurse further contacted law enforcement and assed the information along. A detective testified at trial that Grim also had shaved arms when he was interviewed. The state's presentation of this testimony to the jury shows the materiality of the statement which a juror could use to determine guilt or innocence. The testimony was prejudicial and the confrontation clause was violated.

The court allowed the evidence for purposes of medical diagnosis, " thus fitting a hearsay exception. (*Id*. at 452) The court ignored that the statement it was not introduced at Grim's trial for a medical diagnosis of the petitioner and is wholly irrelevant and prejudicial. The Shaved arms was clearly introduced to sway the jury to believe because Grim shaved his arm is implying he was guilty.

**Ground Three** The trial court erred in admitting an out-of-court statement to explain the conduct of an accomplice in violation of his Sixth and Fourteenth amendment of the U.S. Constitution denying the petitioner a complete defense.

**Supporting Facts:** The Trial court over objection allowed codefendant Allen to testify to out-of-court statements made by Music of his phone call with Mr. Grim after the incident which allegedly indicated Grim should kill Allen. There is no evidence in the record that Music told Allen of the any conversation between him and Grim. Allen testified he assumed it was his brother. The court found that Music's Statements were not used as truth of the matter but were used to show why Allen did what he did in running away. (Tr. 532-533) Why Allen ran away was irrelevant to the state's case. The fact that Allen was not actually on the phone to hear what was actually said and if he overheard anything, that he could have misinterpreted what he overheard, and those words were never spoke. This type of evidence should have been excluded it denied the petitioner his right to a complete defense.

The right to present a complete defense is abridged by evidence rules that 'infringe upon a weighty interest of the accused' and are "arbitrary" or "disproportionate to the purposes they are designed to serve. The state used this hearsay evidence to pile more uncharged allegations on Grim implying that he was going to kill Allen, too. This is highly and unfairly prejudicial and directly connected to the charged offenses by suggesting a plan to kill an untrustworthy accomplice to cover up his involvement. A jury could have used this type of prejudicial testimony to determine guilt or innocence where it should not be weighed at all. The state posed this question where Allen's conduct in running away was not relevant to guilt on the charged offenses, was not equivocal, and did not need to be explained. It was prejudicial and outweighed by the danger of unfair prejudice and cannot connect the accuse[d] to the crime.

(Petition, ECF No. 1).

The Magistrate Judge upheld Respondent's defense that Grim had procedurally defaulted all of his claims by not timely taking a direct appeal to the Ohio Supreme Court (Report, ECF No. 41, PageID 1895-1900).

In his Objections, Grim takes no issue with the Report's procedural default analysis. Having reviewed it *de novo,* the Court find no clearly erroneous finding of fact and no legal conclusion contrary to law. Accordingly, the Report's conclusions with respect to procedural default are adopted.

5

Because the procedural default finding bars merits review of all of Petitioner's claims, additional review of the merits would be superfluous, essentially an exercise in issuing an advisory opinion.  Considerations of judicial economy caution against a superfluous merits review.  To put it another way, if habeas relief is prohibited for one reason, there is no need to review whether it is barred for a second reason.

Accordingly, the Report is adopted and Petitioner's Objections are overruled.  The Clerk is directed to enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Dated: 4/8/2026

s/Edmund A. Sarugus, Jr.__
Edmund A. Sargus, Jr.
United States District Judge