**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ETHAN GRIM,**

**Petitioner,**

**v.**

**Case No. 2:25-cv-258**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Michael R. Merz**

**WARDEN BELMONT CORRECTIONAL INSTITUTION,**

**Respondent.**

**ORDER**

This habeas corpus case was brought by Petitioner Ethan Grim. The purpose of this Order is to ensure the docket in this case is clear.

On April 8, 2026, the Court issued a Decision and Order overruling Petitioner's Objection (ECF No. 44) to the Magistrate Judge's Report and Recommendation (ECF No. 41). (ECF No. 45.) The Magistrate Judge had found Respondent Warden Belmont Correctional Institution's defense that Petitioner had procedurally defaulted all his claims by not taking a timely direct appeal to the Ohio Supreme Court persuasive. (ECF No. 41, PageID 1895–1900; *see* ECF No. 11, PageID 1694, 1700.) In his Objection, Mr. Grim took no issue with the Magistrate Judge's procedural default analysis. (*See* ECF No. 44.) Nevertheless, the Court reviewed the Magistrate Judge's conclusions de novo and found the Magistrate Judge's reasoning to be sound. (ECF No. 45, PageID 1933.) The Court directed the Clerk to enter judgment dismissing the Petition with prejudice (*id.* PageID 1934), and the Clerk did so (ECF No. 46). Petitioner appealed the judgment and his appeal is pending in the Sixth Circuit. (ECF Nos. 47, 48.)

Notwithstanding the judgment entry, a Motion for Reconsideration by Petitioner filed

January 16, 2026 (ECF No. 35) and a Report and Recommendation on that Motion issued January 20, 2026 (ECF No. 36) appear to be pending on the docket. In Petitioner's Motion for Reconsideration, he asks that pursuant to Federal Rule of Civil Procedure 59(e), the Court reconsider its ruling in a January 6, 2026 Decision and Order (ECF No. 33). (ECF No. 35.) In the January 6, 2026 Decision and Order, the Court overruled Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Decision and Order (ECF No. 27), which had denied pretrial motions made by Petitioner. (ECF No. 33.) Those motions included a motion to amend, a motion to expand the record, and a motion for discovery. (ECF No. 33, PageID 1820, 1827.)

The Magistrate Judge issued a Report and Recommendation on Petitioner's Motion for Reconsideration, in which he explains that although district courts have the authority to reconsider interlocutory orders, motions for reconsideration are disfavored because "they consume a court's scarce time for attention to a matter that has already been decided." (ECF No. 36, PageID 1840–41.) The Magistrate Judge observes that Petitioner did not claim any intervening authority or newly discovered evidence; indeed that would be difficult to do given the decision in question had been decided a mere ten days prior. (*Id.* PageID 1841.) Nor did Petitioner demonstrate any manifest error of law. (*Id.*) In response to Petitioner's arguments, the Magistrate Judge also explains why Petitioner was not a juvenile throughout the state court process and why Petitioner's arguments otherwise lack merit. (*Id.* PageID 1842.) Finally, the Magistrate Judge elaborates on why Petitioner's actual innocence claim was unpersuasive. (*Id.* PageID 1843.)

Petitioner filed an Objection to the January 20, 2026 Report and Recommendation on the Motion for Reconsideration. (ECF No. 38.) Although not explicitly by separate order, this Court implicitly overruled such Objection through its Decision and Order (ECF No. 45) and entry of

judgment (ECF No. 46). The Court issues this Order, though, to provide more explanation and to clarify the docket.

Petitioner's Objection (ECF No. 38) is to a Report and Recommendation (ECF No. 36) on a Motion for Reconsideration by Petitioner (ECF No. 35) of a District Judge's Decision and Order (ECF No. 33) overruling an Objection (ECF No. 31) to a Magistrate Judge's Decision and Order (ECF No. 27) on a motion to amend, a motion to expand the record, and a motion for discovery. Petitioner's Objection is overruled for a few reasons.

First, under 28 U.S.C. § 636, a magistrate judge may decide certain pretrial matters, such as discovery motions and motions to amend. *See* 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider a magistrate judge's decision on such matters if, upon timely objection, the objecting party can show "that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see* Fed. R. Civ. P. 72(a). Nothing in the underlying Decision and Order by the Magistrate Judge (ECF No. 27) was clearly erroneous or contrary to law as the Court already stated. (ECF No. 33.)

Next, as the Magistrate Judge explains in the Report and Recommendation (ECF No. 36) on Petitioner's Motion for Reconsideration (ECF No. 35), motions to reconsider are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (Marbley, J.). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *Dunlap v. Lew*, No. 2:15-CV-2675, 2016 WL 8198767, at *1 (S.D. Ohio June 14, 2016) (Smith, J.) (quotation omitted). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Id.* Simply stated reconsideration motions "should not provide the parties with an opportunity for a

second bite at the apple." *Id.* To "discourage the filing of endless motions for reconsideration" and in the interest of "grant[ing] some measure of finality," courts should "grant motions for reconsideration sparingly." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-cv-0745, 2009 WL 5066912, at *1 (S.D. Ohio Dec. 22, 2009) (Marbley, J.).

Yet, Petitioner's Objection to the Report and Recommendation (ECF No. 36) does what the caselaw warns it should not. It seeks to relitigate issues previously considered multiple times in this case. (*See, e.g.*, ECF No. 38, PageID 1849–52 (objecting to the finding that Petitioner was not a juvenile throughout the state court process), PageID 1852–57 (arguing the Magistrate Judge's conclusion on actual innocence was incorrect).) The Objection often deviates from the underlying motions it purports to take issue with—pretrial matters properly decided by the Magistrate Judge—and reargues the merits of the Petition. (*See id.*)

To quell any doubt created by the docket, the Court **OVERRULES** (ECF No. 38) Petitioner Ethan Grim's Objection to the Report and Recommendations on Motion for Reconsideration. The Court **ADOPTS** and **AFFIRMS** (ECF No. 36) the Magistrate Judge's Report and Recommendations on Motion for Reconsideration. The Court **DENIES** (ECF No. 35) Petitioner Ethan Grim's Motion for Reconsideration, Pursuant to Fed. Civ. R. 59(e) of Judge Sargus, Jr.'s January 6, 2026 Judgment. The Clerk is directed to take down the gavel on ECF Nos. 35 and 36. This case remains closed.

**IT IS SO ORDERED.**

**9/21/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**